IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRED A. DIXON, JR., #01465237 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv053 |
| BOSS UNKNOWN, SKYVIEW UNIT | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Fred A. Dixon, Jr., an inmate of the Skyview Unit of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil lawsuit without an application to proceed *in forma pauperis* (IFP) or the payment of the $402.00 filing fee. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has already accumulated more than three strikes for the purposes of this statute. *See Dixon v. Skyview Unit*, No. 3:22-cv-192 (S.D. Tex. Jun. 15, 2022) ("Court records confirm that Dixon is a 'three-strikes' inmate who is barred under § 1915(g) from proceeding without prepaying the filing fee. *See Dixon v. Montford Security*, Civil No. 5:15-CV-00138-C (N.D. Tex. July 1, 2015) (outlining Dixon's extensive record of filing frivolous lawsuits)."). In fact, "Dixon has been

sanctioned previously for abusing judicial resources, and the United States District Court for the Northern District of Texas has barred Dixon from filing any new civil actions without advance written permission." *Id.* at 3 n.1.

To meet the imminent danger requirement of Section 1915(g), the threat of serious physical injury must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Plaintiff's complaint does not satisfy that standard. His broad and generalized allegation that inmates at the Skyview Unit are being denied access to medical care and food services cannot support a finding of real, imminent injury. The court should therefore bar Plaintiff from proceeding *in forma pauperis* in this case and dismiss it for nonpayment of the filing fee.

In addition, court records show that the Northern District of Texas has sanctioned Plaintiff $100.00 and directed that he must pay this sanction before he can even seek leave of court to file any other lawsuits. The docket of *Dixon v. Angleton Sheriff's Department*, civil action no. 3:05mc11, 2005 WL 309507 (N.D. Tex., February 5, 2005) in which the sanction was imposed, shows that Plaintiff has not satisfied the sanction. This court is bound by the sanctions imposed by the Fifth Circuit Court of Appeals and honors sanctions imposed by other federal district courts in the State of Texas. *See* General Order No. 94-6 (E.D. Tex., February 2, 1994); *Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998). Plaintiff may not proceed until he provides proof that he has satisfied the sanctions imposed upon him by the Northern District of Texas, in addition to satisfying the requirements of Section 1915(g).

## RECOMMENDATION

It is recommended that Plaintiff should be denied leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) and summarily dismiss this action with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon the satisfaction of three conditions: (1) proof of satisfaction of the $100.00 sanction imposed by the Northern District of Texas; (2) receipt of written permission to file a new lawsuit; and (3) payment of the full $402.00 filing fee or proof that Plaintiff is in imminent danger of serious physical injury as of the time of the filing of the complaint. Should Plaintiff fulfill all of these conditions within 15 days after the date of entry of dismissal of the present case, he should be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which an objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed

findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 31st day of January, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE